IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT FREI,

                Petitioner,

v.

JAMIE MILLER,

                Respondent.

Case No. 2:22-cv-01817-SI

OPINION AND ORDER

SIMON, District Judge.

On November 21, 2022, Petitioner filed this 28 U.S.C. § 2254 habeas corpus case challenging his 1986 Multnomah County conviction for Murder.[1] For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is dismissed because it is untimely.

## DISCUSSION

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") requires state prisoners to file their federal habeas corpus petitions within one year of a final judgment in state court. 28 U.S.C. § 2244(d)(1) and (2). In this case, Petitioner's criminal conviction became final on

---

[1] Petitioner drafted his Petition as a challenge to a successive post-conviction judgment from Malheur County dated July 15, 2019 which, in turn, challenged his underlying criminal conviction from Multnomah County. Petition (#2), p. 1.

1 - OPINION AND ORDER

December 30, 1986 when the Oregon Supreme Court denied review during his direct appeal. Respondent's Exhibit 112. Petitions which challenge convictions that became final before the AEDPA's effective date of April 24, 1996, are timely only if filed before April 24, 1997. *Ford v. Hubbard*, 305 F.3d 875, 882 (9th Cir. 2002).

Petitioner obviously filed his Petition for Writ of Habeas Corpus well beyond this timeframe, but he contends that he filed a successive petition for post-conviction relief ("PCR") in state court that should serve to toll the AEDPA's one-year statute of limitations. Petitioner has filed multiple state PCR actions, but the filing he references in his briefing is the July 30, 2018 PCR Petition he filed in the Malheur County Circuit Court. Respondent's Exhibit 130. As Petitioner recognizes, the PCR court determined that the action was procedurally barred under state law. Respondent's Exhibit 135. In this respect, it was not "properly filed" sufficient to toll the AEDPA's statute of limitations.[2] *See* 28 U.S.C. § 2244(d)(2) (requiring collateral challenges in state court to be "properly filed" in order to qualify for statutory tolling).

Irrespective of the improper nature of Petitioner's 2018 PCR filing, by the time he filed that case, this federal habeas case was already untimely by more than 20 years. Specifically, beginning in April 1996 when the AEDPA's statute of limitations began to run, Petitioner had no cases pending in either state or federal court that challenged his criminal judgment until he filed a successive PCR action in Malheur County on April 25, 2006. *See* Respondent's Exhibit 122. Because the PCR court determined that the successive 2006 PCR action was untimely,

---

[2] Petitioner presents the procedural posture of his state PCR action as an issue for resolution in this federal habeas case, but a state court finding regarding an issue of state law is binding on federal habeas courts. *See Peltier v. Wright,* 15 F.3d 860, 862 (9th Cir. 1994) ("state courts are the ultimate expositors of state law.").

2 - OPINION AND ORDER

Respondent's Exhibit 126, it was not "proper filed" so as to toll the one-year statute of limitations applicable to this case.³ *See* Respondent's Exhibit 126. For these reasons, the Petition for Writ of Habeas Corpus is not timely.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#2) is dismissed, with prejudice, on the basis that it is untimely. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

January 10, 2024
DATE

Michael H. Simon
United States District Judge

---

³ Even if Petitioner had properly filed the 2006 PCR action, by the time he initiated that case he had already missed his opportunity to seek habeas corpus relief by approximately eight years. After the PCR court dismissed that action, he then waited 16 more years before filing this habeas corpus case.

3 - OPINION AND ORDER